SELDEN C. TROWBRIDGE *against* JOHN SCHRIEVER.

Where a barber, whose shop was a place of great resort, had a closet for the safe keeping of the apparel of his customers whilst they were getting shaved, and also a boy in attendance to receive the garment and give the customer a check for its return, *Held*, that the barber was not answerable for the loss of the overcoat of a customer, who, knowing of this regulation, hung his overcoat upon a peg near the door, from which it was taken by some person in leaving the shop.

APPEAL from a judgment of the Sixth Judicial District Court.

The defendant kept a barber's shop, and the plaintiff was one of his customers who had been in the habit of getting shaved in the shop for a considerable period. Upon the occasion which gave rise to this action, he came to the shop to get shaved, and taking off his overcoat, hung it upon a peg in the shop, near the entrance, where other coats were hanging. After he was shaved, he went to get the overcoat, and it was missing. The action was brought to recover the value of the overcoat upon the ground that its loss was owing to the defendant's negligence.

It was shown on the part of the defendant that the shop was one of great resort, and that although there were pegs upon the walls where those who came to get shaved might hang their garments, there was also a closet for keeping them

more securely, and a boy constantly in attendance, who, upon the delivery of a garment to him by a customer, gave the customer a check, a counterpart of which was attached to the garment, which was then hung up in the closet, which was under the charge of the boy. There was also evidence showing that the plaintiff must have known of this arrangement, as he was an old customer, who had been in the habit of getting shaved at the shop for a long period. The justice gave judgment for the plaintiff for $65, the value of the coat, and the defendant appealed to this court.

*Barrett & Redfield*, for the appellant.

*Jones & Nolan*, for the respondent.

By the Court.—Daly, Chief Justice.—If the plaintiff had given his overcoat to the boy, it would have been placed securely in the closet, and he would have received a check as a voucher for its identity and safe-keeping. It must be assumed, upon the evidence, that he knew of this regulation, for he was an old customer, who for a long period had been in the habit of going to the shop to get shaved. The shop was a place of great resort, and such a regulation as this was a very proper one, in a large shop to which many people resorted. When the barber had under such circumstances, provided this means for the safe-keeping, of the apparel of his customers, it would be most unjust to hold that he must be answerable for the loss of the clothing of customers who know of the regulation, and yet do not avail themselves of it. In such a case, the loss must be attributed to their negligence, and not to that of the keeper of the shop. It does not alter the case that there were pegs upon the wall, upon which garments could be hung, and that other coats were hung there at the time. It was near the entrance to the furnishing shop, an insecure place, where the coat might be readily stolen by a person departing from the shop. And it was, no doubt, in view of the facility with which clothing might be stolen in a large establishment like this that the proprietor had adopted a method for the greater

security and safe-keeping of the apparel of his customers. As the plaintiff knew of this arrangement for the safe-keeping of the clothing, it was through his own negligence, and not that of the defendant, that he lost his overcoat (*Sanders* v. *Spencer*, Dyer, 266 a; *Calyes' Case*, 8 Co. 33). The judgment should be reversed.

Judgment reversed.